IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE VILLAGE OF LOGAN,

        Plaintiff,

v.        Case No. 12-CV-00401 WJ

UNITED STATES DEPARTMENT OF THE
INTERIOR; THE HONORABLE KENNETH
L. SALAZAR, in his capacity as SECRETARY,
DEPARTMENT OF THE INTERIOR; THE
BUREAU OF RECLAMATION; THE
HONORABLE MICHAEL L. CONNOR, in his
capacity as COMMISSIONER, THE BUREAU
OF RECLAMATION, and

THE EASTERN NEW MEXICO WATER
UTILITY AUTHORITY,

        Defendants.

### MEMORANDUM ORDER AND OPINION DENYING FEDERAL DEFENDANTS' MOTION TO STRIKE

THIS MATTER comes before the Court on Federal Defendants' Motion to Strike, filed September 19, 2012 (**doc. 38**).[1] The Court has set a hearing on this motion on September 21, 2012. The issue is whether the Court should strike the new legal arguments and exhibit evidence that Plaintiff Village of Logan advanced and proffered in its Consolidated Reply Memorandum in Support of Motion for Preliminary Injunction, filed September 6, 2012 (**doc. 32**). Rule 12(f) of the Federal Rules of Civil Procedure provides that, on its own or on a party's motion, the court "may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or

---

[1] Because Defendant Eastern New Mexico Water Utility Authority has joined this Motion, the Court simply refers to "Defendants.".

scandalous matter." (Emphasis added.) However, under Federal Rule of Civil Procedure 7(a), only the complaint, answer and reply constitute the pleadings. Thus, "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2, 1992 U.S.App. LEXIS 3805, at *5 (10th Cir. March 2, 1992) (unpublished); *see* 2 James Wm. Moore et. al., *Moore's Federal Practice* § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Therefore, Defendants' motion shall be DENIED.

Nonetheless, because Plaintiff has included new legal argument and new evidence in its Reply, the Court will allow Defendants to submit a surreply. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. . . . 'Material,' for purposes of this framework, includes both new evidence and new legal arguments.").

**THEREFORE,**

**IT IS ORDERED** that Federal Defendants' Motion to Strike (**doc. 38**) is DENIED. Defendants may file a surreply not to exceed 8 pages <u>on or before</u> <u>September 28, 2012</u>.

_____
UNITED STATES DISTRICT JUDGE