IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE VILLAGE OF LOGAN,

        Plaintiff,

V.                                         Case No. 12-CV-401 WJ/LFG

UNITED STATES DEPARTMENT OF
THE INTERIOR; THE HONORABLE
KENNETH L. SALAZAR, in his capacity as
SECRETARY, DEPARTMENT OF THE
INTERIOR; THE BUREAU OF RECLAMATION,
UNITED STATES DEPARTMENT OF INTERIOR;
THE HONORABLE MICHALE L. CONNOR,
in his capacity as COMMISSIONER,
THE BUREAU OF RECLAMATION; and the
EASTERN NEW MEXICO WATER UTILITY
AUTHORITY,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S OPPOSED MOTION TO SUPPLEMENT THE RECORD ON MOTION FOR PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Supplement the Record on Motion for Preliminary Injunction **(doc. 54)**, filed January 14, 2013.  The Court finds that Plaintiff's motion is not well taken and shall be **DENIED**.

This motion arises out of plans by Defendant Eastern New Mexico Water Utility Authority ("ENMWUA") to construct a water system ("the Project") to deliver water from Ute Reservoir ("the Reservoir"), a man-made lake in Quay County, New Mexico, to a number of eastern New Mexico municipalities.  Subject to Congressional appropriation of funds, Defendant Bureau of Reclamation ("Reclamation") has committed to provide federal funding to the Project.  Pursuant to the National Environmental Policy Act ("NEPA"), Reclamation prepared an

Environmental Assessment ("EA") to determine the Project's environmental impact and issued a Finding of No Significant Impact ("FONSI"), concluding that preparing an Environmental Impact Statement ("EIS") was unnecessary.  Plaintiff Village of Logan has challenged the FONSI and moved this court to issue a preliminary injunction preventing any work on the Project until Defendants produced an EIS (**doc. 18**).  It now moves this Court to supplement the Preliminary Injunction Record with the analysis and report of Professor Bruce Thomson, Professor of Civil Engineering at the University of New Mexico, entitled *Inter Basin Transfer Projects: Impacts on Communities and Ecosystems*, dated December 1-3, 2010 ("Thomson article").

      Plaintiff submits that the Thomson article would materially assist the Court in its identification and analysis of the Project's impacts and whether a preliminary injunction should be issued requiring an environmental impact statement.  However, on the same date that Plaintiff filed this Motion, this Court denied Plaintiff's Motion for Preliminary Injunction (**doc. 56**).  The Court finds that nothing in the Thomson article requires revisiting that decision.  The article raises the same broad concerns about sustainability and the Project's economic impacts raised and addressed in the EA.  It does not show that Reclamation failed to consider relevant data or articulate a rational connection between the facts found and the decision to issue a FONSI.  *See Colorado Wild, Heartwood v. U.S. Forest Serv.*, 435 F.3d 1204, 1213 (10th Cir. 2006).  Further, Plaintiff does not explain why this evidence could not have been introduced at the preliminary injunction hearings held on September 21 and October 2, 2012, stating only that "[c]ounsel for Logan was not aware of the Thomson report at the time."  Doc. 54 at 2.

      To the extent Plaintiff seeks to supplement the record on the motion for preliminary injunction to have the Thomson article entered into the Administrative Record, it has failed to

meet its burden to show that this extra-record material is necessary for proper judicial review. *See Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) ("While judicial review of agency action is normally restricted to the administrative record, we have recognized that consideration of extra-record materials is appropriate in extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record." (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's Opposed Motion to Supplement the Record on Motion for Preliminary Injunction (**doc. 54**) is **DENIED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE