IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE VILLAGE OF LOGAN,

        Plaintiff,

V.                                                    Case No. 12-CV-401 WJ/LFG

UNITED STATES DEPARTMENT OF
THE INTERIOR; THE HONORABLE
KENNETH L. SALAZAR, in his capacity as
SECRETARY, DEPARTMENT OF THE
INTERIOR; THE BUREAU OF RECLAMATION,
UNITED STATES DEPARTMENT OF INTERIOR;
THE HONORABLE MICHALE L. CONNOR,
in his capacity as COMMISSIONER,
THE BUREAU OF RECLAMATION; and the
EASTERN NEW MEXICO WATER UTILITY
AUTHORITY,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUPPLEMENTATION OF THE RECORD

THIS MATTER comes before the Court on Plaintiff Village of Logan's Motion for Supplementation of the Record **(doc. 57)**, filed January 29, 2013.  The Court finds that Defendant's motion is not well taken and shall be **DENIED**.

### BACKGROUND

This motion arises out of plans by Defendant Eastern New Mexico Water Utility Authority ("ENMWUA") to construct a water system ("the Project") to deliver water from Ute Reservoir ("the Reservoir"), a man-made lake in Quay County, New Mexico, to a number of eastern New Mexico municipalities.  Subject to Congressional appropriation of funds, Defendant Bureau of Reclamation ("Reclamation") has committed to provide federal funding to the Project. Pursuant to the National Environmental Policy Act ("NEPA"), Reclamation prepared an

Environmental Assessment ("EA") to determine the Project's environmental impact and issued a Finding of No Significant Impact ("FONSI"), concluding that preparing an Environmental Impact Statement ("EIS") was unnecessary.  Plaintiff Village of Logan has challenged the FONSI and moved this court to issue a preliminary injunction preventing any work on the Project until Defendants produced an EIS (**doc. 18**).  This Court denied Plaintiff's motion in an order issued on January 14, 2013 (**doc. 56**).  Plaintiff now moves that this Court enter an order (1) requiring federal defendants to cure omissions in the administrative record ("AR"), (2) allowing supplementation of the AR, and (3) permitting Plaintiff to conduct discovery.

## LEGAL STANDARD

Under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Am. Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985) ("[T]he agency's action must be reviewed on the basis articulated by the agency and on the evidence and proceedings before the agency at the time it acted.").  "The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).  Designation of an administrative record is "entitled to a presumption of administrative regularity," and "[t]he court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Id.* at 740.

Circumstances that warrant consideration of extra-record materials are "extremely limited." *Custer Cnty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1028 (10th Cir. 2001).  The United States District Court for the District of Colorado has helpfully drawn a distinction between two kinds of extra-record materials: those "actually considered by the agency, yet

omitted from the administrative record," and those "which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry." *Water Supply & Storage Co. v. U.S. Dep't of Agric.*, No. 11-CV-02896-JLK, 2012 WL 5831167 (D. Colo. Nov. 15, 2012) (citations omitted).  To supplement the AR with omitted materials, the petitioner "must show by clear evidence that the record fails to include documents or materials considered by Respondents in reaching the challenged decision. . . . and clearly set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Id.*

Possible justifications for supplementing the AR with materials never considered by the agency include that (1) the agency did not adequately explain its action and therefore review cannot occur without considering extra-record materials; (2) the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) the agency considered factors that were left out of the formal record; (4) the case is so complex and the record so unclear that the reviewing court needs extra-record materials to explain the issues; or (5) evidence arising after the agency acted demonstrates the actions were right or wrong. *Am. Mining Cong.*, 772 F.2d at 626; *see also Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) ("While judicial review of agency action is normally restricted to the administrative record, we have recognized that consideration of extra-record materials is appropriate in extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record." (internal quotation marks and citation omitted)); *Citizens For Alternatives to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007) (a court may consider extra-record evidence if (1) the agency has failed to consider relevant factors or has considered factors outside the record, (2) the proponent of the extra-record evidence makes "a strong showing of bad faith or improper

behavior," or (3) such evidence is necessary to explain scientific and technical evidence) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

## DISCUSSION

Plaintiff seeks to supplement the AR with three kinds of extra-record materials. First, Plaintiff argues that the AR does not include all materials that Reclamation considered in making its FONSI determination. Plaintiff therefore asks this Court to order Reclamation to complete the AR by adding forty documents that were listed among the reference documents in Chapter Eight of the EA, as well as ten documents cited by documents already in the AR.

Defendants have agreed to add the forty documents listed as references, although they note that a number of these documents are already in the AR. Defs.' Joint Resp. to Pl.'s Mot. for Supplementation (Doc. 67) at 5. Thus, the Court will not address these documents further. However, the Court finds that Plaintiff has not met its burden to demonstrate that Reclamation relied on the ten documents cited by documents already in the AR. Plaintiff does not explain when the documents were presented to the agency, to whom, or under what context, and simple citation of the documents is not sufficient. *See Ctr. For Native Ecosystems v. Salazar*, 711 F. Supp.2d 1267, 1277 (D. Colo. 2010) (the argument that an administrative record must include documents referred to in documents on which an agency decision maker relies simply by virtue of that citation "stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an Administrative Record"). Accordingly, the Court denies Plaintiff's motion for supplementation as to these records.

Plaintiff next contends that the AR should be supplemented with documents not relied on by Reclamation, but necessary for the Court to determine whether Reclamation properly evaluated all environmental impacts: (1) a 2010 seminar presentation by Professor Bruce

Thompson of the University of New Mexico; (2) documents offered as exhibits to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support (Docs. 18-1 through 18-15) and Its Consolidated Reply Memorandum in Support of Motion for Preliminary Injunction (Docs. 32-1 through 32-12); and (3) the full transcript of a deposition of Eric Frey of the New Mexico Department of Game & Fish taken on August 30, 2012.

The seminar presentation by Prof. Thompson was the subject of a separate Motion to Supplement the Record on Motion for Preliminary Injunction (Doc. 54), which this Court has denied in a separate order (**doc. 71**)  For the reasons given in that order, the Court likewise denies Plaintiff's motion here to have it added to the AR.

Plaintiff contends that the exhibits presented in its motion for preliminary injunction and the full transcript of Frey's deposition are necessary for this Court to ascertain whether Reclamation properly considered all relevant factors and direct environmental impacts and to evaluate whether an EIS was required.  In so arguing, Plaintiff asserts that the "uncontroverted record" reveals that Reclamation failed to consider "(i) the direct environmental impacts of withdrawing 24,000 acre-feet per year ("af/r") from [the Reservoir] for thirty years, (ii) the direct socioeconomic impacts resulting from withdrawals of that amount and duration, and (iii) the sustainability of [the Reservoir] over a thirty year period of 24,000 af/yr withdrawals."  Pl.'s Reply Mem. in Supp. of Mot. for Supplementation (Doc. 68) at 5-6.  Therefore, Plaintiff alleges, the exhibits and transcript are necessary for effective judicial review.

However, in its Memorandum Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction (doc. 56), this Court found that Reclamation sufficiently considered all relevant facts and direct environmental impacts in concluding that an EIS was not necessary. That Plaintiff disagrees with the conclusions Reclamation's experts reached on these issues does

not mean that the agency failed to consider them.  Thus, the supplementation Plaintiff seeks would constitute the kind of conflicting expert opinion that the Tenth Circuit ruled inappropriate for supplementing the record in *Lee v. U.S. Air Force*, 354 F.3D 1229, 1242 (10th Cir. 2004) (declining to supplement the record with plaintiff's expert because "[i]n essence, [he] simply presents an expert opinion conflicting with the U.S. Air Force's conclusion" and " 'agencies are entitled to rely on their own experts so long as their decisions are not arbitrary and capricious' " (quoting *Custer County*, 256 F.3d at 1036)).  Further, Plaintiff had the opportunity to put this evidence before the agency and thereby enter it into the AR during the scoping process,[1] and declined to do so.  *See New Mexico Envtl. Imp. Div. v. Thomas*, 789 F.2d 825, 835-36 (10th Cir. 1986) (rejecting the plaintiff's attempt to supplement the record on judicial review where the party could have put the evidence into the record by responding to the EPA's solicitation of comments during the rulemaking process; "[w]e will not review information that [the plaintiff] failed to include in the administrative record or present before the EPA").  Accordingly, Plaintiff's motion to supplement the AR with the documents it provided as exhibits in its motion for preliminary injunction and the transcription of Frey's deposition is denied.

      Third, Plaintiff seeks permission to take depositions from five out of a list of thirty-one named individuals whom Plaintiff contends would testify about the Project's impact.  Plaintiff does not identify which five individuals it would depose.  While the Court appreciates Plaintiff's concern with economy in limiting its request to five deponents, it finds that Plaintiff has not demonstrated how testimony from any of these people shows that Reclamation ignored relevant factors it should have considered in making its decision, rather than that Plaintiff simply

---

[1] Scoping is the process of soliciting input from the public and interested entities on a proposed project governed by NEPA.

disagrees with the agency's conclusions. Supplementation of the record is not intended as an opportunity for a plaintiff to attack the merits of an agency's action.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Supplementation of the Record (**doc. 57**).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE