IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE VILLAGE OF LOGAN,

        Plaintiff,

V.                                                       Case No. 12-CV-401 WJ/LFG

UNITED STATES DEPARTMENT OF
THE INTERIOR; THE HONORABLE
KENNETH L. SALAZAR, in his capacity as
SECRETARY, DEPARTMENT OF THE
INTERIOR; THE BUREAU OF RECLAMATION,
UNITED STATES DEPARTMENT OF INTERIOR;
THE HONORABLE MICHALE L. CONNOR,
in his capacity as COMMISSIONER,
THE BUREAU OF RECLAMATION; and the
EASTERN NEW MEXICO WATER UTILITY
AUTHORITY,

        Defendants.

## AMENDED
## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S OPPOSED MOTION FOR HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on Plaintiff Village of Logan's Motion for Reconsideration of Order Denying Motion for Preliminary Injunction (**doc. 58**), filed February 11, 2013, and Plaintiff's Opposed Motion for Hearing on Plaintiff's Motion for Reconsideration of Order Denying Motion for Preliminary Injunction (**doc. 60**), filed February 14, 2013.  On January 14, 2013, the Court filed a Memorandum Opinion and Order (**doc. 56**) denying Plaintiff's Motion for Preliminary Injunction (**doc. 18**).  The Court finds that Plaintiff's motion is not well taken and shall be **DENIED**.

A motion for reconsideration is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Having reviewed Plaintiff's motion, the Court finds that Plaintiff has not introduced any change in the controlling authority, presented new evidence previously unavailable, or demonstrated that the order was clearly erroneous or involved a misunderstanding of law. Instead, Plaintiff seeks to revisit issues already addressed in the Memorandum Opinion and Order. In other words, the Court sees no reason to reconsider what it has already thoughtfully and painstakingly considered. Therefore, Plaintiff's Motion to Reconsider (**doc. 58**) is DENIED. In addition, Plaintiff's Motion for Hearing on the Motion to Reconsider (**doc. 60**) is DENIED as moot.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE