IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE VILLAGE OF LOGAN,

       Plaintiff,

V.                                                      Case No. 12-CV-401 WJ/LFG

UNITED STATES DEPARTMENT OF THE
INTERIOR; THE HONORABLE SALLY
JEWELL, in her capacity as SECRETARY,
DEPARTMENT OF THE INTERIOR; THE
BUREAU OF RECLAMATION; THE
HONORABLE MICHALE L. CONNOR, in his
capacity as COMMISSIONER, THE BUREAU
OF RECLAMATION; and THE EASTERN
NEW MEXICO WATER UTILITY
AUTHORITY,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL

THIS MATTER comes before the Court on Plaintiff Village of Logan's Motion for Injunction Pending Appeal (**Doc. 76**), filed May 16, 2013, seeking to prevent construction of the Eastern New Mexico Rural Water System ("the Project"), pending its appeal of this Court's Memorandum Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction (D**oc. 56**), entered January 14, 2013.  For the reasons discussed herein, the Court finds that Defendant's motion is not well taken and shall be **DENIED**.

This motion arises from ongoing litigation regarding Defendant Eastern New Mexico Water Utility Authority ("ENMWUA")'s intent to build a pipeline and associated intake, storage, pumping, water treatment, and delivery facilities to deliver water from the Ute Reservoir ("the Reservoir") to replace declining groundwater supply in Eastern New Mexico.  The Bureau of

Reclamation ("Reclamation") has committed to provide federal funding for the Project, and, pursuant to the National Environmental Protection Act ("NEPA"), produced an Environmental Assessment ("EA") and issued a Finding of No Significant Impact ("FONSI").  Plaintiff filed a motion for a preliminary injunction preventing any work on the Project until Reclamation prepared an Environmental Impact Statement ("EIS"), which this Court denied in a Memorandum Opinion and Order (Doc. 56) issued on January 14, 2013.  Plaintiff also filed an Opposed Motion to Supplement the Record on Motion for Preliminary Injunction (Doc. 54), filed on January 14, 2013; a Motion for Supplementation of the Record (Doc. 57), filed on January 29, 2013; and a Motion for Reconsideration of Order Denying Motion for Preliminary Injunction (Doc. 58), filed on February 11, 2013, all of which the Court also denied (Docs. 71, 72, and 62).  Plaintiff has issued notice (Doc. 69) that it appeals to the Tenth Circuit this Court's Memorandum Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction (Doc. 56) and its Memorandum Opinion and Order Denying Plaintiff's Motion for Reconsideration of Order Denying Motion for Preliminary Injunction.  It now moves that this Court issue an Injunction Pending Appeal (Doc. 76).

      Federal Rule of Civil Procedure 62(c) allows a district court to grant an injunction to preserve the status quo while a case is being appealed.  The factors that this Court must consider in determining whether to grant an injunction pending an appeal are the same factors it must consider when considering whether to grant a preliminary injunction in the first place: "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020

(10th Cir. 1996) (quoting 10th Cir. R. 8.1).  Here, the Court finds that Plaintiff has not offered sufficiently new arguments or evidence to compel a different result than in its earlier motion.

First, Plaintiff fails to demonstrate a substantial likelihood of success on the merits.  The Court has already considered, and rejected, Plaintiff's arguments that Reclamation should have analyzed the direct impacts of withdrawals of 24,000 acre-feet per year ("af/yr"), including the direct socioeconomic impacts, and the "sustainability" of Ute Reservoir over thirty years of 24,000 af/yr withdrawals. The Court found that Reclamation properly analyzed the impact of withdrawals of 24,000 af/yr as cumulative effects of the Project.  Likewise, the Court has already considered and rejected Plaintiff's arguments that potential "fish kills" arising from detonation activities planned after the EA was complete mandate an EIS, or that Reclamation failed to follow Council on Environmental Quality regulations requiring an EIS under these circumstances.  The Court sees nothing in Plaintiff's current motion that requires revisiting those arguments.

Plaintiff also argues that if the last three factors tip strongly in its favor, it can satisfy the "substantial likelihood of success on the merits" by showing that there are serious and substantial questions presented.  Doc. 76 at 7-8 (citing *Davis v. Mineta*, F.3d 1104, 1116-17 (10th Cir. 2002)).  The Court has already noted that it is unclear whether this standard survives the Supreme Court's opinion in *Winter v. NRDC*, 555 U.S. 7 (2008).  Doc. 56 at 30-32.  However, as stated in the previous order, this issue is moot because Plaintiff has not shown that the last three factors tip strongly in its favor.

Plaintiff has not shown that it will suffer irreparable harm in the absence of an injunction.  Rather, it argues only that building the intake pipe would "entrench [Reclamation's] commitment to the project as the only alternative."  Doc. 76 at 24-25.  This does not identify an injury that is

"certain, great, actual and not theoretical." *Heideman v. So. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). To identify this as an injury presumes without proving that the Project itself constitutes an injury.[1] Further, Plaintiff recognizes that the Project will not be complete and operational for ten years. Therefore, any possible harm to the Reservoir as a result of the Project's operation is not "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation marks and citation omitted; emphasis in original).

In contrast, Plaintiff cannot show absence of harm to the opposing parties if the injunction is granted. In June 2012, ASI Dam and Water Resource Contractors ("ASI") was awarded a $14 million contract to build the intake structure at Ute Reservoir. The construction was originally scheduled to begin soon after the award and to be completed by May 2014. When Plaintiff filed its Motion for Preliminary Injunction in July 2012, ENMWUA agreed to halt construction pending the motion's outcome. However, in reliance on the Court's Memorandum Opinion and Order denying Plaintiff's Motion for Preliminary Injunction, ENMWUA gave ASI notice to proceed on February 14, 2013, and construction is underway. CH2M HILL, the engineering design firm for the Project, estimates that the probable cost of delaying construction for one month would be $745,592, and counsel for ENMWUA estimate that Plaintiff's appeal will take ten months to complete. Even should the appeal proceed more quickly than defense counsel estimates, ENMWUA faces significant economic cost from an injunction pending appeal.[2]

---

[1] As ENMWUA points out, the only identified injury is "bureaucratic inertia," Doc. 79 at 11
[2] ENMWUA argues that if this Court grants the injunction pending appeal, it should also order Plaintiff to post an injunction bond in the amount of $7,455,920.00 pursuant to Fed.R.Civ.P. 62 and 65. Because the Court denies the motion for injunction, it need not address this argument.

Finally, considering the public interests at stake in the Project, ENMWUA's member communities face the harm imposed by what ENMWUA Program Manager Paul Van Gulick calls "a race against the failure of the [Ogallala] aquifer" currently providing water in eastern New Mexico.  Doc. 79-1 at 2.  Affidavits from Gayla Brumfield, Chair of ENMWUA, and Chase Gentry, Executive Director of the Clovis Industrial Development Corporation, show that communities currently face water shortages adversely affecting individuals and economic development.  Doc. 27-3; Doc. 27-4.  Plaintiff argues that because the Project is not expected to be complete and operational for ten years, no harm can inure from any delay due to the current appeal.  However, just because the conclusion of the project is distant does not mean that delaying it further poses no additional harm to the communities that need water.  Accordingly, to issue an injunction would adversely affect the public interest in having access to water from the Reservoir.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Injunction Pending Appeal (**Doc. 76**).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE